UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CRYSTAL TONG,

                            Plaintiff

      -against-

 

THE CITY OF NEW YORK, and
POLICE OFFICERS CHRISTOP WEIGAND
And JASON KATIBAK of the
NEW YORK CITY POLICE DEPARTMENT

                       Defendant(s),

---------------------------------------------------------------x

**14 CV 8745**

**COMPLAINT
AND JURY DEMAND**

No. *-cv-*



## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and NEW YORK CITY POLICE OFFICERS CHRISTOP WEIGAND and JASON KATIBEK of the New York City Police Department (hereinafter referred to as NYPD) arising out of the assault and battery and use of excessive force against plaintiff CRYSTAL TONG.

2.    On November 10, 2013, POLICE OFFICERS CHRISTOP WEIGAND and  of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, assault and battery and use of excessive force against the plaintiff. This unconstitutional use of excessive force was in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3.    The Plaintiff, CRYSTAL TONG, through her attorneys, complaining of the defendants, respectfully alleges:

<u>JURISDICTION</u>

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth, Eighth, Fourteenth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York, New York.

<u>PARTIES</u>

7.      Plaintiff at all times relevant hereto was a resident of Jersey City, New Jersey.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.      The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICERS CHRISTOP WEIGAND and JASON KATIBAK and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as a police officer employed by the NYPD.

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

2

regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On November 10, 2013, at approximately 3:44 a.m., in front of 1150 Broadway, New York, New York plaintiff was at a nightclub with her fiancé, Eraldo Kamberi as well as family and friends of plaintiff and her fiancé.

15.     At some point her fiancé and two of his cousins began to have a verbal argument in Albanian.

16.     While the argument was happening POLICE OFFICER CHRISTOP WEIGAND and POLICE OFFICER JASON KATIBAK and other members of the NYPD for no apparent reason arrested Mr. Kamberi.

17.     When plaintiff inquired as to why her fiancé was being arrested, a member of the NYPD responded by pushing plaintiff and refusing to offer an explanation.

18.     When plaintiff continued to inquire about why her fiancé was being arrested a member of the NYPD elbowed her in the neck and then maced her about her face and neck.

3

19.     Plaintiff now in extreme discomfort, and shocked that a member of the NYPD would physically assault her, asked a friend for a phone so that she could record the police.

20.      As plaintiff approached the police officer that had maced her, he arrested her and in the process of doing so, intentionally touched plaintiff's breasts.

21.     The officer then shoved her into his marked RMP.

22.     Although she was crying from the physical pain that was inflicted upon her, at no point did plaintiff resist arrest nor did she ever use profanity towards the police.

23.     As plaintiff was sitting handcuffed in the marked RMP, plaintiff, who is asthmatic, began to have an acute reaction from being maced.

24.     When she explained this to the officer that had maced her, he told her to "stop lying" and to "fucking" wait because plaintiff was wasting his time by forcing the police to call EMS.

25.     When plaintiff asked if she or a person from her group could retrieve her asthma pump that was in a car around the corner the officer abruptly refused her request.

26.     While waiting for EMS to arrive the officer that maced plaintiff stated all these "fucking idiots" always fake asthma when it comes to being arrested and kept calling plaintiff a "fucking liar."

27.     Plaintiff was taken to Bellevue Hospital where she received treatment for her asthma and her eyes which were burning from being maced.

28.     After being released by Bellevue Hospital, plaintiff was taken to 13th precinct and then to New York County Central Booking at 100 Centre Street.

29.     At her arraignment at New York County Criminal Court, following approximately 24 hours in custody, plaintiff was charged with

4

Penal Law § 205.30 (Resisting Arrest) and Penal Law § 195.05 (Obstructing Governmental Administration in the Second Degree).

30.    Plaintiff pleaded guilty to Penal Law § 240.20 (Disorderly Conduct) as a result of this arrest.

## FIRST CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

31.    Paragraph 1 through 30 are herein incorporated by reference.

32.    Defendants in macing plaintiff about her face and subjected her to excessive force.

33.    Defendants deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34.    As a result of the excessive force used against the plaintiff, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally as follows:

A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

35.    Paragraphs 1 through 34 are incorporated herein by reference.

36.    Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

37.    Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

38.    Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

39.    Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40.    Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41.    Defendants subjected plaintiff to false arrest and false imprisonment.

42.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

43.      Paragraphs 1 through 42 are incorporated herein by reference.

44.      Defendant POLICE OFFICERS CHRISTOP WEIGAND and JASON KATIBAK and other members of the NYPD illegally subjected plaintiff to excessive force and deprivation of liberty without probable cause.

45.      That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

46.      Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

47.     Paragraphs 1 through 46 are incorporated herein by reference.

48.     Defendants POLICE OFFICERS CHRISTOP WEIGAND and JASON KATIBAK and other members of the NYPD illegally subjected plaintiff to excessive force and deprivation of liberty without probable cause.

49.     That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

50.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       November 3, 2014

FINK & KATZ, PLLC.

By:    Jonathan A. Fink
       One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 689-1710